UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEBREYESUS FESEHA WELDEAREGAY, | ) | CASE NO. 4:17CV2648 |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | Magistrate Judge George J. Limbert |
| U.S. ATTORNEY GENERAL, | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

On December 7, 2017, pro se Petitioner Gebreyesus Feseha Weldearegay ("Petitioner") executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was filed with this Court on December 18, 2017. ECF Dkt. #1[1]. In his petition for a writ of habeas corpus, Petitioner requests that he be released from detention by the United States Immigration and Customs Enforcement Department of Homeland Security ("ICE") pending the receipt of travel documents necessary to effect his removal from the United States. ECF Dkt. #1.

On December 28, 2017, this case was referred to the undersigned for a Report and Recommendation as to the § 2241 petition. ECF Dkt. #2. On February 28, 2018, Respondent United States Attorney General ("Respondent") filed a motion to dismiss and notice of release, informing the Court that ICE released Petitioner from detention and asserting that the Court should therefore dismiss Petitioner's § 2241 federal habeas corpus petition as moot. ECF Dkt. #6, #6-1. Petitioner did not respond to Respondent's motion to dismiss.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #6) and DISMISS Petitioner's § 2241 federal habeas corpus petition in its entirety with prejudice.

---

[1] Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

**I.     SYNOPSIS OF THE FACTS**

Petitioner is a native and citizen of Eritrea. ECF Dkt. #1 at 1. He arrived in the United States on March 15, 2017 and was taken into ICE's custody and detained. *Id*. at 2; ECF Dkt. #6-1 at 1. Petitioner was ordered removed from the United States and he received his final order of removal on April 27, 2017. ECF Dkt. #1 at 3; ECF Dkt. #6-1 at 1; ECF Dkt. #6-2 at 1. Petitioner admits that he did not appeal the deportation order. ECF Dkt. #1 at 3. He also advises that he has repeatedly tried himself and has assisted ICE to help secure his travel documents but the embassy of Eritrea has failed to help or even acknowledge him. *Id*. Petitioner's sole assertion in his § 2241 petition is that his continued detention by ICE is unlawful. *Id*.

On February 5, 2018, Petitioner was released from the custody of ICE through an Order of Supervision. ECF Dkt. #6-2 at 1-3.

**II.    LAW AND ANALYSIS**

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (internal citations omitted). "Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.'" *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). It is well settled that the parties must continue to have a personal stake in the outcome. *Lewis*, 494 U.S. at 477; *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Baker v. Carr*, 369 U.S. 186 (1962).

District courts lack jurisdiction over prisoners who are not in government custody. 28 U.S.C. § 2241(c). There are limited exceptions to this rule, including when the released petitioner can establish that he will suffer future collateral consequences as a result of the detention or that the case is "capable of repetitive, yet evading review." *Lane v. Williams*, 455 U.S. 624, 632 (1982). However, Petitioner has not invoked any exceptions and none of the exceptions are present in the instant case. Further, the Sixth Circuit has held that once the Court can no longer grant the requested relief, and when there has been no showing that the petitioner's rights will be violated in the future or that any future violation could not be fully litigated prior to its cessation or expiration, the request for relief is rendered moot. *See Enazeh v. Davis*, 107 Fed. App'x 489 (6th Cir. 2004).

Here, Petitioner's sole claim for relief in his § 2241 federal habeas corpus petition is a "challenge to his continued detention by the respondent, who refuse[sic] to release him even though they[sic] are unable to deport him and will be unable to deport him in the reasonably foreseeable future." ECF Dkt. #1 at 1. Petitioner has been released from ICE detention, as evidenced by the Order of Supervision and Declaration of U.S. ICE Deportation Officer Roby. ECF Dkt. #s 6-2, 6-3. Petitioner does not allege that he will suffer any collateral consequences, or that this case is otherwise capable of "repetition, yet evading review." *See Spencer,* 523 U.S. at 17.

Based on the above, the undersigned recommends that the Court find that Petitioner's claim presented in his § 2241 federal habeas corpus petition is moot and thus the Court lacks subject matter jurisdiction over that petition.

### III.  CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #6) and DISMISS Petitioner's § 2241 federal habeas corpus petition (ECF Dkt. #1) in its entirety with prejudice.

DATE:  April 10, 2018               */s/ George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).